UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

June 30, 2021

LETTER TO COUNSEL:

RE: *Tina G., on behalf of her minor child J.G. v. Andrew M. Saul, Commissioner of Social Security*
Civil No. TJS-20-0544

Dear Counsel:

Plaintiff Tina G., on behalf of her minor child J.G. (the "child"), petitioned this Court to review the Social Security Administration's final decision finding that the child was no longer disabled under the Social Security Act. ECF No. 1. The parties have filed cross-motions for summary judgment (ECF Nos. 19 & 20). These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301. Having considered the submissions of the parties, I find that no hearing is necessary. See Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. See 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

In a determination dated August 29, 2012, the Commissioner found that the child was disabled as of July 1, 2012. Tr. 14. Four years later, on August 18, 2016, the Commissioner determined that the child was no longer disabled as of August 15, 2016, due to medical improvement. *Id.* This determination was upheld upon reconsideration after a disability hearing by a State agency Disability Hearing Officer. *Id.* The child filed a timely written request for a hearing before an ALJ, and a hearing was scheduled for August 8, 2016. The August 2018 hearing was postponed to allow the child's mother the opportunity to obtain counsel. The hearing was rescheduled to December 6, 2018, at which time the child's mother chose to proceed without the benefit of an attorney or other representative. Tr. 37-42. On March 19, 2019, the ALJ issued a written decision denying Plaintiff's claim and finding that the child was no longer disabled. Tr. 14-29. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final, reviewable decision of the Commissioner.

In order to determine whether the child continued to be disabled, the ALJ followed the three-step medical improvement evaluation set forth in 20 C.F.R. § 416.994a. At step one, the ALJ considers whether the child has seen medical improvement in the impairment that resulted in the most recent finding of disability (referred to as the comparison point decision). 20 C.F.R. § 416.994a(b)(1). If there has been no medical improvement, the ALJ will find that the child's disability continues. At step two, if there has been medical improvement, the ALJ considers

whether the child's impairment meets or equals in severity the listed impairment that it met or equaled before. 20 C.F.R. § 416.994a(b)(2). If the child's impairment meets or equals in severity a listed impairment, the Commissioner will find that the child remains disabled. At step three, the ALJ considers whether the child is currently disabled under the rules in 20 C.F.R. § 416.924(c) and (d), considering all of the child's impairments.

Under 20 C.F.R. § 416.924, the ALJ evaluates whether a child is disabled using a three-step process. First, the ALJ considers whether the child is performing substantial gainful activity. If the child is performing substantial gainful activity, the ALJ will find that the child is not disabled. Next, the ALJ considers whether the child has medically determinable impairments that are severe. If not, the ALJ will find that the child is not disabled. Finally, the ALJ considers whether the child's impairment or combination of impairments meets, medically equals, or functionally equals a listing. If the child's impairments do not meet or equal a listing, the ALJ will find that the child is not disabled.

To determine whether a child's impairments functionally equal a listing, the ALJ considers the child's limitations in six domains of functioning: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1). A child's impairments functionally equal a listing if the child has a marked limitation in two of the domains or an extreme limitation in one domain. 20 C.F.R. § 416.926a(d). A marked limitation is when an impairment interferes seriously with the child's ability "to independently initiate, sustain, or complete activities" in a domain. 20 C.F.R. § 416.926a(e)(2). An extreme limitation is "more than marked" and will be found when an impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities" in a domain. 20 C.F.R. § 416.926a(e)(3). The claimant has the burden to demonstrate that the child's impairment meets, medical equals, or functionally equals a listing. *Mouzon on behalf of K.W. v. Saul*, No. 5:18-CV-357-FL, 2019 WL 4733543, at *4 (E.D.N.C. Sept. 27, 2019) (citing *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986); *Gray ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011)).

In this case, the ALJ determined that the comparison point decision was the disability determination of August 29, 2012. Tr. 17. At the time of that decision, the child had a speech and language delay. At step one, the ALJ determined that the child had experienced medical improvement as of August 15, 2016. *Id.* At step two, the ALJ found that because of the medical improvement, the child's speech and language delay has not met or medically equaled, or functionally equaled any listed impairment since August 15, 2016. Tr. 17-18. At step three, the ALJ determined that since August 15, 2016, the child had the severe impairments of speech and language delay, and attention deficit hyperactivity disorder. Tr. 25. The ALJ concluded that none of these impairments, separately or in combination, met or medically equaled, or functionally equaled the listings. *Id.* The ALJ concluded that the child's disability ended as of August 15, 2016, and the child has not been disabled again since that date. Tr. 28.

The child argues that the ALJ failed to consider evidence that had a material bearing on his limitations in the six domains of functioning. ECF No. 19-1 at 8-21. Specifically, the child argues that the ALJ did not consider "important and material evidence from Plaintiff's treating

psychiatrist from the Kennedy Krieger Institute," mischaracterized other evidence, and "cherry picked" evidence that favored finding the child not disabled. *Id.* at 9. The child also argues that the ALJ relied on evidence that was not in the record in finding that he was not disabled. *Id.* at 15.

In the functional domain of interacting and relating with others, the ALJ found that the child had a less than marked restriction since August 15, 2016. Tr. 21-22. In making this finding, the ALJ explained that while the child "does not like playing with other kids," and "gets mad, cries, and does not share with others," he also "dances, plays sports, does gymnastics, and goes scouting." Tr. 22. In addition, the ALJ noted that the child's articulation is age appropriate, that he smiled and made eye contact during a psychological consultative examination, and that he attends a weekly psychiatric rehabilitation program that includes group work. *Id.*

The ALJ's finding that the child "dances, plays sports, does gymnastics, and goes scouting" is not supported by the record. In a report of the child's activities of daily living, the record indicates that the child does not participate in any organized play activities, including dance, gymnastics, sports, or scouting. Tr. 511. Another report of the child's activities of daily living indicates that he attends a psychiatric rehabilitation once a week and attends a group there, but it makes no mention of the child participating in dance, sports, gymnastics, or scouting. Tr. 607. This is consistent with the questionnaire completed by the child's mother, which indicates that the child does not participate in dance, gymnastics, sports, or scouting. Tr. 248.

In his motion for summary judgment, the child argues that the ALJ's finding that he participates in dance, sports, gymnastics, and scouting is "completely unsupported by the record." ECF No. 19-1 at 15-16 ("It is absolutely false that Plaintiff engaged in dancing, sports, gymnastics, and scouting."). The Commissioner does not challenge the child's argument on this point or argue that the ALJ's finding is harmless; the Commissioner does not address the child's argument at all. *See* ECF No. 20-1 at 7, 10 ("Nonetheless, the ALJ noted that the child dances, plays sports, does gymnastics, and goes scouting.").

Because the ALJ relied on evidence that is not in the record to determine that the child was not disabled beginning August 15, 2016, the Court is unable to find that the ALJ's decision is supported by substantial evidence. For this reason, the Court will remand this case for further proceedings. The Court declines to address the child's other arguments and expresses no opinion on the ultimate issue of the child's disability.

For these reasons, both parties' motions for summary judgment (ECF Nos. 19 & 20) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge